UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **CATHIE COIRO,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>**RARE COIN COLLECTIVE LLC,** a Florida registered company,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Cathie Coiro ("Plaintiff Coiro" or "Coiro") brings this Class Action Complaint and Demand for Jury Trial against Defendant Rare Coin Collective LLC ("Defendant" or "Rare Coin Collective") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by placing unsolicited calls to phone numbers that are registered on the National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Coiro, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1. Plaintiff Coiro is a resident of Lansing, New York.

2. Defendant Rare Coin Collective is a Florida registered company headquartered in Boynton Beach, Florida. Defendant Rare Coin Collective conducts business throughout this District and throughout the US.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because the Defendant is located in this District.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant is located in this District and directed the TCPA violative conduct from here.

## INTRODUCTION

6. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. According to online robocall tracking service "YouMail," 4.0 billion robocalls were placed in February 2024 alone, at a rate of 137.2 million per day. www.robocallindex.com (last visited March 10, 2024).

11. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

**COMMON ALLEGATIONS**

14. Rare Coin Collective is a rare coin retailer that sells coins to consumers.[3]

15. Defendant Rare Coin Collective makes unsolicited calls to consumers to solicit its coins, as per Plaintiff's experience.

16. Defendant Rare Coin Collective places telemarketing calls to phone numbers that are registered on the DNC, as per Plaintiff's experience.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

[3] https://rarecoincollective.com/

17. Defendant Rare Coin Collective specifically states in job postings that it is hiring "anyone that has ever picked up a phone and created money.":

**PRECIOUS METALS BROKER (BOYNTON BEACH FL)**
RARE COIN COLLECTIVE

THIS AD IS FOR ANYONE THAT HAS EVER PICKED UP A PHONE AND CREATED MONEY.
WE DON'T CARE WHAT YOU'VE SOLD, HOW HARD YOU'VE SOLD IT OR HOW MUCH MONEY YOU'VE MADE SELLING IT. THIS IS BETTER.

Would you like to make an endless stream of money your first year?
Then what are you waiting for? CALL US!!

***offering starting bonus to experienced brokers***
***we buy clients lists from brokers who are out of the business as well***

WE HAVE SPOTS TO FILL!! We are located in BOYNTON BEACH FL.

Beginner openers make anywhere from $1-3k a week
For junior brokers we offer a beginner salary + commission while they learn the trade.
Experienced brokers make anywhere from $3-10k a week.
The possibilities are endless.
Make your own destiny – we will train you to become a broker. [4]

18. Kerry Marshall ("Marshall") is a registered agent for Rare Coin Collective:

**Registered Agent Name & Address**

MARSHALL, KERRY A
2815 NE 33rd Ave
101
FORT LAUDERDALE, FL 33308 [5]

19. Marshall is also the registered agent for other coin retailers including National Coin Group LLC, Millennium Coin LLC, and Mint State Collective LLC.[6]

---

[4] https://miami.craigslist.org/pbc/sls/d/boynton-beach-precious-metals-broker/7717611749.html

[5] https://search.sunbiz.org/Inquiry/corporationsearch/SearchResultDetail?inquirytype=EntityName&directionType=PreviousList&searchNameOrder=RARECOINCO

[6] https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResults?InquiryType=OfficerRegisteredAgentName&inquiryDirectionType=ForwardList&searchNameOrder=MARSHALLKERRY%20L230005196210&SearchTerm=marshall%20kerry&entityId=L23000519621&listNameOrder=MARSHALLKERRY%20L160001632730

20. Upon information and belief, Marshall owns/manages a call center that utilizes a variety of different company names to solicit the sales of rare/collectible coins.

21. Millennium Coin LLC who lists Marshall as its registered agent,[7] has had numerous consumers complaint to the Better Business Bureau page for Millennium Coin about unsolicited telemarketing, including:

- "Unsolicited, unwelcome, unwanted sales solicitation phone calls. I am on the Do Not Call list and these unwelcome telephone solicitation calls are unlawful."[8]
- "******* and predatory with their phone sales, refusing to remove phone numbers from their call list, altering caller ID to avoid call blocking, preying on elderly, overbearing in conversation trying to ply time and money from elderly potential customers."[9]

22. In 2012, the Federal Trade Commission ("FTC") filed a proposed preliminary injunction against Marshall alleging violations of the Telemarketing Sales Rule.[10]

23. Upon information and belief, Marshall solicits business from consumers by placing unsolicited telemarketing calls.

---

7 https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=OfficerRegisteredAgentName&directionType=ForwardList&searchNameOrder=MARSHALLKERRY%20L160000682960&aggregateId=flal-l16000068296-1123d0e8-6f73-41b8-8f7b-0d926ffe8dd3&searchTerm=marshall%20kerry&listNameOrder=MARSHALLKERRY%20L140000116750

8 https://www.bbb.org/us/fl/lake-worth-beach/profile/coin-dealers/millennium-coin-llc-0633-90550484/customer-reviews

9 https://www.bbb.org/us/fl/lake-worth-beach/profile/coin-dealers/millennium-coin-llc-0633-90550484/customer-reviews

10 https://www.ftc.gov/sites/default/files/documents/cases/2012/06/120620sterlingstip.pdf

24. Numerous job postings have been posted online by Rare Coin Collective, but a search on Linkedin only reveals 2 employees.[11]

25. In response to these calls, Plaintiff Coiro brings forward this case seeking injunctive relief requiring the Defendant Rare Coin Collective to cease from violating the TCPA, as well as an award of statutory damages to the members of the Class and costs.

**PLAINTIFF COIRO'S ALLEGATIONS**

26. Plaintiff Coiro is the sole owner and user of her cell phone number ending in 8763.

27. Plaintiff Coiro registered her cell phone number on the DNC on April 17, 2008.

28. Plaintiff Coiro uses her cell phone number for personal use only. It is not associated with a business.

29. Plaintiff Coiro pays for her cell phone personally and it is registered under her name.

30. Plaintiff Coiro's cell phone number is not reimbursed by a business.

31. Plaintiff Coiro uses her cell phone for residential purposes which includes speaking to family and friends.

32. On February 14, 2024 at 10:40 AM, Plaintiff Coiro received an unsolicited call from Rare Coin Collective to her cell phone number, from 680-260-1150. This call was not answered.

33. On February 14, 2024 at 12:48 PM, Plaintiff Coiro received a 2nd unsolicited call from Rare Coin Collective to her cell phone number, from 680-260-1151.

34. Plaintiff Coiro called 680-260-1151 back on February 14, 2024 at 12:48.

---

[11] https://www.linkedin.com/search/results/people/?keywords=rare%20coin%20collective

35. An employee answered the phone identifying the company name Rare Coin Collective.

36. The employee indicated that the reason for the calls to Plaintiff was to solicit the Coiro to purchase a rare coin set.

37. Plaintiff Coiro told the employee that she was not interested and asked him not to call her cell number again.

38. Despite the stop request, Plaintiff Coiro received additional calls from Rare Coin Collective to her cell phone on February 15, 2024, from phone number 680-260-1150.

39. Plaintiff answered one of the calls from 680-260-1150.

40. When Plaintiff answered this call, an employee solicited the sale of rare coins.

41. Plaintiff Coiro told the employee that she never consented to receive calls from Rare Coin Collective and that she was not interested in purchasing coins. She then told the employee to stop calling her cell phone number.

42. The phone number 680-260-1150 is owned/operated by Rare Coin Collective.

43. Plaintiff's attorneys sent a cease and desist letter and demand for consent to Rare Coin Collective on February 25, 2024. No response was received.

44. Plaintiff Coiro has never done business with Rare Coin Collective.

45. Plaintiff Coiro was not looking to purchase or invest in rare coins.

46. The unauthorized solicitation telephone calls that Plaintiff received from or on behalf of Defendant have harmed Plaintiff Coiro in the form of annoyance, nuisance, and invasion of privacy, occupied her phone line, and disturbed the use and enjoyment of her phone.

47. Seeking redress for these injuries, Plaintiff Coiro, on behalf of herself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

48. Plaintiff Coiro brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Rare Coin Collective called more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff.

49. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Coiro anticipates the need to amend the Class definition following appropriate discovery.

50. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

51. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant Rare Coin Collective placed multiple calls within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each call;

(b) whether the calls constitute a violation of the TCPA;

(c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

52. **Adequate Representation**: Plaintiff Coiro will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Coiro has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Coiro and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Coiro nor her counsel have any interest adverse to the Class.

53. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Coiro. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from

Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Coiro and the Do Not Call Registry Class)**

54. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

55. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

56. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

57. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Coiro and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

58. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Coiro and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

59. As a result of Defendant's conduct as alleged herein, Plaintiff Coiro and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

60. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing her attorneys as Class Counsel;

b) An award of money damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Coiro requests a jury trial.

**CATHIE COIRO**, individually and on behalf of all others similarly situated,

DATED this 20th day of March, 2024.

By: /s/ *Stefan Coleman*

Stefan Coleman
COLEMAN PLLC
66 West Flagler Street
Suite 900
Miami, FL 33130
(877) 333-9427
law@stefancoleman.com

Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and the putative Class*