UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:24-cv-80334-KAM

CATHIE COIRO, individually and on behalf
of all others similarly situated,

Plaintiff,

v.

RARE COIN COLLECTIVE LLC, a
Florida registered company

Defendant.
_______________________________/

**DEFENDANT RARE COIN COLLECTIVE LLC'S ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW, Defendant RARE COIN COLLECTIVE LLC (hereinafter "RARE COIN COLLECTIVE") and hereby files their ANSWER AND AFFIRMATIVE DEFENSES to the Complaint filed by Plaintiff, CATHIE COIRO, and in support thereof states as follows:

ANSWER

1. The allegations in Paragraph 1 are without knowledge and Defendant demands strict proof thereof.
2. The allegations in Paragraph 2 are admitted.
3. The allegations in Paragraph 3 are admitted for jurisdictional purposes only.
4. The allegations in Paragraph 4 are admitted for jurisdictional purposes only.
5. The allegations in Paragraph 5 are admitted for jurisdictional purposes only.
6. Paragraph 6 is without knowledge and Defendant demands strict proof thereof.
7. Paragraph 7 is without knowledge and Defendant demands strict proof thereof.

8. Paragraph 8 is without knowledge and Defendant demands strict proof thereof.
9. Paragraph 9 is without knowledge and Defendant demands strict proof thereof.
10. Paragraph 10 is without knowledge and Defendant demands strict proof thereof.
11. Paragraph 11 is without knowledge and Defendant demands strict proof thereof.
12. Paragraph 12 is without knowledge and Defendant demands strict proof thereof.
13. Paragraph 13 is without knowledge and Defendant demands strict proof thereof.
14. Paragraph 14 is admitted.
15. Paragraph 15 is denied and Defendant demands strict proof thereof.
16. Paragraph 16 is denied and Defendant demands strict proof thereof.
17. Paragraph 17 is without knowledge and Defendant demands strict proof thereof.
18. Paragraph 18 is admitted.
19. Paragraph 19 is without knowledge and Defendant demands strict proof thereof.
20. Paragraph 20 is without knowledge and Defendant demands strict proof thereof.
21. Paragraph 21 is without knowledge and Defendant demands strict proof thereof.
22. Paragraph 22 is without knowledge and Defendant demands strict proof thereof.
23. Paragraph 23 is without knowledge and Defendant demands strict proof thereof.
24. Paragraph 24 is denied and Defendant demands strict proof thereof.
25. Defendant denies liability as stated in Paragraph 25 and demands strict proof thereof.
26. Paragraph 26 is without knowledge and Defendant demands strict proof thereof.
27. Paragraph 27 is without knowledge and Defendant demands strict proof thereof.
28. Paragraph 28 is without knowledge and Defendant demands strict proof thereof.
29. Paragraph 29 is without knowledge and Defendant demands strict proof thereof.
30. Paragraph 30 is without knowledge and Defendant demands strict proof thereof.

31. Paragraph 31 is without knowledge and Defendant demands strict proof thereof.
32. Paragraph 32 is denied and Defendant demands strict proof thereof.
33. Paragraph 33 is denied and Defendant demands strict proof thereof.
34. Paragraph 34 is without knowledge and Defendant demands strict proof thereof.
35. Paragraph 35 is denied and Defendant demands strict proof thereof.
36. Paragraph 36 is denied and Defendant demands strict proof thereof.
37. Paragraph 37 is without knowledge and Defendant demands strict proof thereof.
38. Paragraph 38 is denied and Defendant demands strict proof thereof.
39. Paragraph 39 is without knowledge and Defendant demands strict proof thereof.
40. Paragraph 40 is denied and Defendant demands strict proof thereof.
41. Paragraph 41 is denied and Defendant demands strict proof thereof.
42. Paragraph 42 is denied and Defendant demands strict proof thereof.
43. Paragraph 43 is without knowledge and Defendant demands strict proof thereof.
44. Paragraph 44 is admitted.
45. Paragraph 45 is without knowledge and Defendant demands strict proof thereof.
46. Paragraph 46 is without knowledge and Defendant demands strict proof thereof.
47. Paragraph 47 is admitted as to the cause of action brought, however Defendant denies any and all liability and demands strict proof thereof.
48. Paragraph 48 is denied as to any and all liability and Defendant demands strict proof thereof.
49. Paragraph 49 is denied as to any and all liability and Defendant demands strict proof thereof.
50. Paragraph 50 is denied and Defendant demands strict proof thereof.

51. Paragraph 51 and its subparts are denied and Defendant demands strict proof thereof.
52. Paragraph 52 is denied and Defendant demands strict proof thereof.
53. Paragraph 53 is denied and Defendant demands strict proof thereof.
54. Defendant realleges their responses to Allegations 1-53.
55. Paragraph 55 is without knowledge and Defendant demands strict proof thereof.
56. Paragraph 56 is without knowledge and Defendant demands strict proof thereof.
57. Paragraph 57 is denied and Defendant demands strict proof thereof.
58. Paragraph 58 is denied and Defendant demands strict proof thereof.
59. Paragraph 59 is denied and Defendant demands strict proof thereof.
60. Paragraph 60 is denied and Defendant demands strict proof thereof.

All other allegations not specifically addressed are hereby denied and Defendant demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1. The Defendant RARE COIN COLLECTIVE LLC does not have any employees and the Plaintiff was never contacted by an employee of the Defendant.
2. The Defendant RARE COIN COLLECTIVE LLC does not directly solicit or make calls, therefore the Defendant has no liability for calls that originated from a dialer registered to another company.
3. Any liability for calls made to the Plaintiff would fall upon the registered lead vendor, who erroneously failed to exclude Plaintiff from a Do Not Call List.

Dated May 9, 2024.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Answer and Affirmative Defenses have been provided this 9th day of May 2024 by electronic delivery to all parties on the electronic service list and to Plaintiff's Counsel on the attached service list.

**Thomas W. Walters, P.A.**
499 E. Palmetto Park Rd.
Suite 209
Boca Raton, FL 33432
Phone (561) 876-6770
Fax (561) 431-4602
twwlaw1@gmail.com

By: **/s/ Thomas W. Walters**

______________________________
Thomas W. Walters, Esq.
Fl Bar #28623

SERVICE LIST

Stefan Coleman, Esq..
Plaintiff's Counsel
COLEMAN PLLC
66 West Flagler Street
Suite 900
Miami, FL 33130
law@stefancoleman.com

Avi Kaufman, Esq.
Plaintiff's Counsel
KAUFMAN P.A.
237 S. Dixie Hwy, Floor 4
Coral Gables, FL 33133
kaufman@kaufmanpa.com